Fitzgerald & Associates, P.C.
   By Nicholas Fitzgerald Esq.
649 Newark Avenue
Jersey City, NJ 07306-2303
Email: nickfitz.law@gmail.com
(201) 533-1100
Attorneys for Plaintiff/Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY --- NEWARK
--------------------------------X

In re:                                          Case No: 20-23026-SLM

   Ryan Sabate
   a/k/a Ryan Castillo Sabate
                                                CHAPTER 7
                                                     U.S.B.J.

   Debtor
--------------------------------X

Ryan Sabate
a/k/a Ryan Castillo Sabate

   PLAINTIFF

                                                ADVERSARY PRO. NO.
                                                No.
-against-

Garden State Healthcare Associates

   DEFENDANT

--------------------------------X

Complaint Seeking Contempt Remedies for Violation of the Automatic Stay Contained Within 11 U.S.C. §362 and Damages Under 11 U.S.C. §362 (k)(1) and for an Order Holding Defendant, Garden State Healthcare Associates, in Violation of the Discharge Injunction Contained Within 11 U.S.C. §524

### Preliminary Statement

1. This is an action brought by the plaintiff-debtor (hereafter the "plaintiff") Ryan Sabate, a bankruptcy debtor, who is seeking remedies both for Garden State Healthcare Associates's (hereafter the "defendant's") violation of the automatic stay

Page 1

contained within 11 U.S.C. §362 and for violation of the injunction against collecting on discharged debts contained within 11 U.S.C. §524.

2. On April 5, 2022, the plaintiff moved to reopen this case to enable the plaintiff to file the within adversary proceeding to enforce the stay and to enforce the injunction against collecting on discharged debts. Without passing judgments on the merits of the case, over the defendant's objection, the Court granted the plaintiff's motion to reopen this case.

3. All of the numerous exhibits which were included in the plaintiff's motion to reopen the within Chapter 7 case are hereby incorporated in this complaint as if they were fully included herein.

### Jurisdiction and Venue

4. Jurisdiction of the bankruptcy court in his matter is provided by 28 U.S.C. §§1334(b) and 157(b)(1).

5. This adversary proceeding is a core proceeding as that term is defined in 28 U.S.C. §157(b)(2).

6. Venue for this adversary proceeding is proper in this Court pursuant to 28 U.S.C. §1409(a).

### Parties

7. The plaintiff, Ryan Sabate, is an individual consumer debtor who filed for Chapter 7 bankruptcy with the Fitzgerald & Associates law firm on November 25, 2020 under Chapter 7 Case No.

20-23026-SLM. The plaintiff was granted a discharge from his debts on February 26, 2021.

8. Defendant, Garden State Healthcare Associates, is a health care provider.

### Count One -- Stay Violation

9. The plaintiff listed the defendant, Garden State Healthcare Associates, as a creditor on Schedule F of his bankruptcy schedules at the address PO Box 20502, Newark, NJ 07101-5502.

10. On December 2, 2020 the Bankruptcy Court Clerk, Joseph Speetjens, sent notice of the creditors' meeting to Garden State Healthcare Associates, PO Box 20502, Newark, NJ 07101-5502.

11. There is a presumption that when an item is mailed via regular mail from a United States Post Office, that the recipient received the mail.

12. In this entire complaint, as to every notice and every letter detailed has having been sent out in the United States Mail, not a single item was mailed back marked return to sender or undeliverable as addressed.

13. On February 21, 2021 Garden State Healthcare Associates, PO Box 20502, Newark, NJ 07101-5502 sent a bill to the debtor demanding payment. The sending of that bill, which was willful on the part of the defendant, violated the automatic stay in bankruptcy as the debtor was not granted a discharge from his debts until February 26, 2021. The address on this billing statement was PO Box 20502, Newark, NJ 07101-5502.

14. In an attempt to protect the debtor from further collection attempts and in an attempt to stop the defendant from sending further billing statements to the plaintiff, on March 2, 2021 the debtor's counsel sent a letter to Garden State Healthcare Associates, PO Box 20502, Newark, NJ 07101-5502 informing the defendant of the debtor's Chapter 7 bankruptcy filing and explaining the law regarding the stay and the injunction against collecting on discharged debts.

15. The plaintiff and the plaintiff's counsel suffered injury from the defendant's willfully having sent a billing statement to the plaintiff notwithstanding the fact that the defendant had been notified of the plaintiff's Chapter 7 bankruptcy filing by the Bankruptcy Court Clerk.

16. The plaintiff suffered emotional distress and including travel time to and from his counsel's office and including telephoning the his counsel's office, he spent well over one hour of his time due to the defendant's willfully having sent him a billing statement in violation of the bankruptcy stay. Moreover, the plaintiff's counsel incurred billable time in the amount of $246.00 which is $66 for .6 hours of his paralegal's time at $110 per hour and .4 hours at his attorney's time at $450 per hour. In the event that the plaintiff's counsel is not successful in regards to the within case, the plaintiff has agreed to pay for his counsel's time.

WHEREFORE, the plaintiff respectfully requests that this Court:

a. Declare the defendant guilty of civil contempt of court by violating the automatic stay granted herein on November 25, 2020, for its action in sending a billing statement to the plaintiff on February 21, 2021.

b. Awarding the plaintiff compensatory and punitive damages, plus attorneys fees and costs pursuant to 11 U.S.C. §362(k) and for contempt of Court; and

c. Granting such other relief as is just and equitable.

### Count Two -- First Injunction Violation

17. Plaintiff repeats and realleges the allegations above as if they were fully set forth herein at length.

18. By May 19, 2021, the defendant had received three separate notifications of the fact that the debtor had filed for Chapter 7 bankruptcy relief. The first notification was sent on December 2, 2020 by the Bankruptcy Court Clerk, Joseph Speetjens, who had mailed notice of the creditors' meeting to Garden State Healthcare Associates, PO Box 20502, Newark, NJ 07101-5502. The second notification, in the form of copy of the debtor's discharge, was mailed by the Bankruptcy Court Clerk, to Garden State Healthcare Associates, PO Box 20502, Newark, NJ 07101-5502. The third notification was the debtor's counsel's letter dated March 2, 2021, mailed to Garden State Healthcare Associates, PO Box 20502, Newark, NJ 07101-5502 informing the defendant of the

debtor's Chapter 7 bankruptcy filing and explaining the law regarding the stay and the injunction against collecting on discharged debts.

19. Notwithstanding the fact that the defendant had received three separate notifications of the plaintiff's bankruptcy filing, on March 22, 2021, the plaintiff sent yet another billing statement to the debtor. The willful mailing this billing statement violated the injunction against attempts to collect on discharged debts.

20. The plaintiff suffered emotional distress due to the his receipt of the March 22, 2021 billing statement.

21. Each billing statement contained an address of PO Box 20502, Newark, NJ 07101-5502 and the return address was listed as PO Box 20502, Newark, NJ 07101-5502.

WHEREFORE, the plaintiff respectfully requests that this Court:

a. Declare the defendant guilty of civil contempt of court for violating the injunction against collecting on discharged debts by sending the plaintiff a billing statement on March 22, 2021 in violation of 11 U.S.C. §524.

b. Awarding the plaintiff compensatory damages, plus attorneys fees and costs and for contempt of Court; and

c. Awarding the plaintiff exemplary or punitive damages against the defendant in an amount sufficient to deter further unlawful conduct; and

d. Granting such other relief as is just and equitable.

### Count Three -- Second Injunction Violation

22. Plaintiff repeats and realleges the allegations above as if they were fully set forth herein at length.

23. Notwithstanding the fact that the defendant had received three separate notifications of the plaintiff's bankruptcy filing, on March 22, 2021, the plaintiff sent yet another billing statement to the debtor. The willful mailing this billing statement violated the injunction against attempts to collect on discharged debts.

24. The plaintiff suffered injury in the form of emotional distress from the defendant's willfully having sent the March 22, 2021 billing statement to the debtor.

WHEREFORE, the plaintiff respectfully requests that this Court:

a. Declaring the defendant guilty of civil contempt of court by violating the injunction against collecting on discharged debts by sending the plaintiff a billing statement on or about March 22, 2021 in violation of 11 U.S.C. §524; and

b. Awarding the plaintiff compensatory damages, plus attorneys fees and costs and for contempt of Court; and

c. Awarding the plaintiff exemplary or punitive damages against the defendant in an amount sufficient to deter further unlawful conduct; and

d. Granting such other relief as is just and equitable.

### Count Four -- Third Injunction Violation

25. Plaintiff repeats and realleges the allegations above as if they were fully set forth herein at length.

26. Notwithstanding the fact that the defendant had received three separate notifications of the plaintiff's bankruptcy filing, on May 19, 2021, the plaintiff sent yet another billing statement to the debtor. The willful mailing this billing statement violated the injunction against attempts to collect on discharged debts.

27. The plaintiff suffered injury from the defendant's willfully having sent the May 19, 2021 billing statement to the debtor. Specifically, the plaintiff suffered emotional distress and including travel time to and from his counsel's office and including telephoning the his counsel's office, he spent well over one hour on this matter. Moreover, the plaintiff's counsel incurred billable time in the amount of $190.00 which is $55 for his paralegal's time at $110 per hour and .3 hours at his attorney's time at $450 per hour. In the event that the plaintiff's counsel is not successful in regards to the within case, the plaintiff has agreed to pay for his counsel's time.

28. In response to the defendant's billing statements dated March 22, 2021 and May 19, 2021, on June 14, 2021 the plaintiff's counsel sent yet another letter to Garden State Healthcare Associates asking them to cease collection activity. This letter was sent not only to the creditor's address as listed

on the billing statements at PO Box 20502, Newark, NJ 07101-5502 but also to Garden State Healthcare Associates, 29 East 29th Street, Bayonne, NJ 07002.

WHEREFORE, the plaintiff respectfully requests that this Court:

a. Declaring the defendant guilty of civil contempt of court by violating the injunction against collecting on discharged debts by sending the plaintiff a billing statement on or about May 19, 2021 in violation of 11 U.S.C. §524; and

b. Awarding the plaintiff compensatory damages, plus attorneys fees and costs and for contempt of Court; and

c. Awarding the plaintiff exemplary or punitive damages against the defendant in an amount sufficient to deter further unlawful conduct; and

d. Granting such other relief as is just and equitable.

### Count Five -- Fourth Injunction Violation

29. Plaintiff repeats and realleges the allegations above as if they were fully set forth herein at length.

30. By the end of June 2021, the plaintiff had received five notifications of the plaintiff's bankruptcy filing -- two by the Bankruptcy Court Clerk and three via letter from the plaintiff's counsel -- two letters were sent by the plaintiff's counsel with one of the letters having been sent to the defendant at two separate addresses. Of the three letters sent to the

defendant by the plaintiff's counsel, the letter dated June 14, 2021 was mailed both to PO Box 20502, Newark, NJ 07101-5502 and also to Garden State Healthcare Associates, 29 East 29th Street, Bayonne, NJ 07002.

31. In September 2021 the debtor received yet another letter dated Augusts 14, 2021 containing 7 more pages of billing statements. The sending of this bill violated the injunction against collecting on discharged debts.

32. On October 2nd, 2021, the plaintiff spent 1.4 hours with his counsel speaking about the possible necessity of reopening the case to enforce the discharge injunction and working with his counsel to draft papers in support of such a motion.

33. In yet another attempt to avoid litigation and to stop the plaintiff from sending billing statements to the debtor, on November 19, 2021 the plaintiff's counsel again sent notice of the debtor's bankruptcy filing. This time notice was sent both via regular mail and via **certified mail** to the creditor's address as listed on the billing statements at PO Box 20502, Newark, NJ 07101-5502 and also to Garden State Healthcare Associates, 29 East 29th Street, Bayonne, NJ 07002. An employee of Garden State Healthcare Associates signed for the certified mail thereby acknowledging receipt of notification of the plaintiff's bankruptcy filing.

34. The plaintiff suffered emotional distress and including

travel time to and from his counsel's office and including telephoning the his counsel's office, he spent well over one hour of his time due to the defendant's willfully having sent him a billing statement in violation of the bankruptcy stay. Moreover, the plaintiff's counsel incurred billable time in the amount of $809.00 which is $44 for his paralegal's time at $110 per hour with .4 hours having been utilized and 1.7 hours at his attorney's time at $450 per hour. In the event that the plaintiff's counsel is not successful in regards to the within case, the plaintiff has agreed to pay for his counsel's time.

WHEREFORE, the plaintiff respectfully requests that this Court:

a. Declaring the defendant guilty of civil contempt of court by violating the injunction against collecting on discharged debts by sending the plaintiff a billing statement on or about August 14, 2021 in violation of 11 U.S.C. §524; and

b. Awarding the plaintiff compensatory damages, plus attorneys fees and costs and for contempt of Court; and

c. Awarding the plaintiff exemplary or punitive damages against the defendant in an amount sufficient to deter further unlawful conduct; and

d. Granting such other relief as is just and equitable.

### Count Six -- Fifth Injunction Violation

35. Plaintiff repeats and realleges the allegations above as if they were fully set forth herein at length.

36. By the end of November 2021, the plaintiff had received

seven notifications of the plaintiff's bankruptcy filing -- two by the Bankruptcy Court Clerk and five via letter from the plaintiff's counsel. Two of the plaintiff's counsel's letters were both to PO Box 20502, Newark, NJ 07101-5502 and also to Garden State Healthcare Associates, 29 East 29th Street, Bayonne, NJ 07002.

37.  Notwithstanding the numerous notices, on or about December 8, 2022, the defendant willfully sent yet another billing statement to the debtor.

38.  The sending of the December 8, 2022 letter violated the injunction against collecting on discharged debts.

39.  The plaintiff suffered injury in the form of emotional distress from the defendant's willfully having sent a billing statement to the debtor on or about December 8, 2021.

WHEREFORE, the plaintiff respectfully requests that this Court:

a.  Declaring the defendant guilty of civil contempt of court by violating the injunction against collecting on discharged debts by sending the plaintiff a billing statement on or about December 8, 2021 in violation of 11 U.S.C. §524; and

b.  Awarding the plaintiff compensatory damages, plus attorneys fees and costs and for contempt of Court; and

c.  Awarding the plaintiff exemplary or punitive damages against the defendant in an amount sufficient to deter further unlawful conduct; and

d. Granting such other relief as is just and equitable.

### Count Seven -- Sixth Injunction Violation

40. Plaintiff repeats and realleges the allegations above as if they were fully set forth herein at length.

41. By the end of November 2021, the plaintiff had received seven notifications of the plaintiff's bankruptcy filing -- two by the Bankruptcy Court Clerk and five via letter from the plaintiff's counsel. Two of the plaintiff's counsel's letters were both to PO Box 20502, Newark, NJ 07101-5502 and also to Garden State Healthcare Associates, 29 East 29th Street, Bayonne, NJ 07002.

42. Notwithstanding the numerous notices, on or about January 6, 2022, the defendant willfully sent yet another billing statement to the debtor.

43. The sending of the January 6, 2022 letter violated the injunction against collecting on discharged debts.

44. The plaintiff suffered injury in the form of emotional distress from the defendant's willfully having sent a billing statement to the debtor on or about January 6, 2022. Moreover, in moving to reopen the plaintiff's Chapter 7 case to enforce the injunction against collecting on discharged debts and for drafting the adversary complaint, the plaintiff's counsel incurred billable time at the rate of $450 per hour for his time; $400 per hour for his associate's time; and $110 for his paralegal's time. Furthermore, the plaintiff's counsel

anticipates spending far more time on this matter after the adversary complaint is filed.

WHEREFORE, the plaintiff respectfully requests that this Court:

a. Declaring the defendant guilty of civil contempt of court by violating the injunction against collecting on discharged debts by sending the plaintiff a billing statement on or about January 6th, 2022 in violation of 11 U.S.C. §524; and

b. Awarding the plaintiff compensatory damages, plus attorneys fees and costs and for contempt of Court; and

c. Awarding the plaintiff exemplary or punitive damages against the defendant in an amount sufficient to deter further unlawful conduct; and

d. Granting such other relief as is just and equitable.

Date:   April 10, 2022

_____
Nicholas Fitzgerald
Attorney for Plaintiff-Debtor