**TRENK ISABEL SIDDIQI & SHAHDANIAN P.C.**
Richard D. Trenk, Esq.
Robert S. Roglieri, Esq.
290 W. Mt. Pleasant Ave., Suite 2350
Livingston, New Jersey 07039
Telephone:  (973) 533-1000
Email:  rtrenk@trenkisabel.law
Email:  rroglieri@trenkisabel.law

*Attorneys for CarePoint Health & Garden State Healthcare Associates*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>RYAN SABATE,<br><br>           Debtor. | Chapter 7<br><br>Case No. 20-23026 (SLM) |
| RYAN CASTILLO SABATE,<br><br>           Plaintiff,<br><br>v.<br><br>GARDEN STATE HEALTHCARE ASSOCIATES,<br><br>           Defendant. | Adv. Pro. No.  22-01090(SLM)<br><br><br><br>**ANSWER TO ADVERSARY COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendant Garden State Healthcare Associates ("Defendant") by and through its attorneys, hereby answers Plaintiff's Adversary Complaint and states as follows:

**PRELIMINARY STATEMENT**

1. Defendant neither admits nor denies the allegations contained in paragraph 1 of the Adversary Complaint as they call for a legal conclusion.

2. Defendant admits the allegations contained in paragraph 2 of the Adversary Complaint.

3. Defendant denies the allegations contained in paragraph 3 of the Adversary Complaint.

## JURISDICTION AND VENUE

4. Defendant neither admits nor denies the allegations contained in paragraph 4 of the Adversary Complaint as they call for a legal conclusion.

5. Defendant neither admits nor denies the allegations contained in paragraph 5 of the Adversary Complaint as they call for a legal conclusion

6. Defendant neither admits nor denies the allegations contained in paragraph 6 of the Adversary Complaint as they call for a legal conclusion

## PARTIES

7. Defendant admits the allegations contained in paragraph 7 of the Adversary Complaint.

8. Defendant admits the allegations contained in paragraph 8 of the Adversary Complaint.

## Count One
## Stay Violation

9. Defendant denies the allegations contained in paragraph 9 of the Adversary Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Adversary Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Adversary Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Adversary Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Adversary Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Adversary Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Adversary Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Adversary Complaint.

**WHEREFORE,** the Defendant demands judgment dismissing Plaintiff's Adversary Complaint in its entirety and awarding Defendant reasonable attorneys' fees, expenses and such other and further relief as the Court deems just and equitable.

### Count Two
### First Injunction Violation

17. Defendant reasserts each and every response set forth above as if set forth herein at length.

18. Defendant denies the allegations contained in paragraph 18 of the Adversary Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Adversary Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Adversary Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Adversary Complaint.

**WHEREFORE,** the Defendant demands judgment dismissing Plaintiff's Adversary Complaint in its entirety and awarding Defendant reasonable attorneys' fees, expenses and such other and further relief as the Court deems just and equitable.

### Count Three
### Second Injunction Violation

22. Defendant reasserts each and every response set forth above as if set forth herein at length.

23. Defendant denies the allegations contained in paragraph 23 of the Adversary Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Adversary Complaint.

**WHEREFORE,** the Defendant demands judgment dismissing Plaintiff's Adversary Complaint in its entirety and awarding Defendant reasonable attorneys' fees, expenses and such other and further relief as the Court deems just and equitable.

### Count Four
### Third Injunction Violation

25. Defendant reasserts each and every response set forth above as if set forth herein at length.

26. Defendant denies the allegations contained in paragraph 26 of the Adversary Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Adversary Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Adversary Complaint.

**WHEREFORE,** the Defendant demands judgment dismissing Plaintiff's Adversary Complaint in its entirety and awarding Defendant reasonable attorneys' fees, expenses and such other and further relief as the Court deems just and equitable.

### Count Five
### Fourth Injunction Violation

29. Defendant reasserts each and every response set forth above as if set forth herein at length.

30. Defendant denies the allegations contained in paragraph 30 of the Adversary Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Adversary Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Adversary Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Adversary Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Adversary Complaint.

**WHEREFORE,** the Defendant demands judgment dismissing Plaintiff's Adversary Complaint in its entirety and awarding Defendant reasonable attorneys' fees, expenses and such other and further relief as the Court deems just and equitable.

Case 22-01090-SLM    Doc 5    Filed 04/26/22    Entered 04/26/22 12:27:35    Desc Main
Document      Page 6 of 10

## Count Six
### Fifth Injunction Violation

35. Defendant reasserts each and every response set forth above as if set forth herein at length.

36. Defendant denies the allegations contained in paragraph 36 of the Adversary Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Adversary Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Adversary Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Adversary Complaint.

**WHEREFORE,** the Defendant demands judgment dismissing Plaintiff's Adversary Complaint in its entirety and awarding Defendant reasonable attorneys' fees, expenses and such other and further relief as the Court deems just and equitable.

## Count Seven
### Sixth Injunction Violation

40. Defendant reasserts each and every response set forth above as if set forth herein at length.

41. Defendant denies the allegations contained in paragraph 41 of the Adversary Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Adversary Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Adversary Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Adversary Complaint.

**WHEREFORE,** the Defendant demands judgment dismissing Plaintiff's Adversary Complaint in its entirety and awarding Defendant reasonable attorneys' fees, expenses and such other and further relief as the Court deems just and equitable.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

2. Plaintiff's claims are barred under the doctrine of waiver.

3. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

4. Plaintiff's claims are barred insofar as no default occurred.

5. Plaintiff's recovery is barred because the Court lacks jurisdiction.

6. Plaintiff's recovery is barred by the doctrine of laches.

7. Plaintiff's claims are barred by the doctrine of avoidable consequences.

8. Plaintiff's claims are barred under the doctrine of collateral estoppel.

9. Plaintiff lacks standing and therefore its recovery is barred.

10. Any acts on the part of Defendant were not the proximate cause of any damages that may have been sustained by Plaintiff and violated no duty to Plaintiff.

11. Defendant acted at all times in good faith without any fraud or malice.

12. Plaintiff's claims are barred by acts within its sole control and responsibility.

13. Plaintiff's claims are barred pursuant to the parol evidence rule.

14. Plaintiff's claims are barred by its failure to mitigate damages.

15. Plaintiff's claims are barred by the doctrine of unclean hands.

16. Plaintiff's claims are barred by its failure to act in a commercially reasonable manner.

17. Plaintiff's claims are barred due to improper service of the Complaint.

18. Plaintiff's claims are barred because the Court lacks jurisdiction due to improper service of the Complaint.

19. Plaintiff's claims are barred by the failure to exhaust all administrative remedies.

20. Plaintiff's claims are barred by the doctrines of waiver and/or release.

21. The Complaint is barred by the doctrines of frustration of purpose and failure of consideration.

22. Plaintiff's recovery is barred by his breach of the implied covenant of good faith and fair dealing.

23. Plaintiff's recovery is barred by his breach of the duty of good faith and fair dealing.

24. Plaintiff's recovery is barred by his breach of contract.

25. Plaintiff's recovery is barred by public policy.

26. Plaintiff's recovery is barred by lack of proper notice of alleged claim.

27. Plaintiff's recovery is barred by the Statute of Frauds.

28. Plaintiff's recovery is barred by the statute of limitations.

29. Plaintiff incurred no damages or injuries as a result of Defendant's actions, conduct or inactions.

30. Plaintiff's recovery is barred by the doctrine of recoupment, setoff and offset.

31. Plaintiff's recovery is barred due to fraud and misrepresentation.

32. Plaintiff's recovery is barred because he caused waste.

33. Plaintiff's recovery is barred by the doctrine of res judicata.

34. Plaintiff's recovery is barred by public policy.

35. Plaintiff's recovery is barred, because the Defendant owed no duty to the Plaintiff.

36. Plaintiff has not been deprived of any right, privilege or immunity secured to him by the United States Constitutions or the Constitution of the State of New Jersey.

37. Plaintiff's recovery is barred, because he was afforded due process under the law.

38. Plaintiff's recovery is barred, because no custom or policy exists within the Defendant which deprived Plaintiff of their constitutional rights.

39. Defendant acted reasonably at all times and without malice at all times.

40. Plaintiff's recovery is barred by his own contributory or comparative negligence.

41. Plaintiff's recovery is barred by his own intentional acts of misconduct.

42. Plaintiff's recovery is barred as a result of insufficient service of process.

43. Plaintiff's claim is barred by the Entire Controversy Doctrine.

44. Plaintiff's recovery is barred by the doctrine of equitable estoppel.

45. Any acts on the part of the Defendant were not the proximate cause of any damages that may have been sustained by the Plaintiff and violated no duty to the Plaintiff.

46. The Defendant acted at all times in good faith without any fraud or malice.

47. Plaintiff's Complaint is barred by acts within his sole control and responsibility.

48. Defendant reserves the right to assert any and all defenses, both legally and factually, as may be justified by information subsequently obtained.

**TRENK ISABEL SIDDIQI & SHAHDANIAN P.C.**

By: /s/ Richard D. Trenk
Richard D. Trenk
Attorneys for Defendant

Dated: April 26, 2022